**UNITED STATES, Plaintiff,**

v.

**Willie Edward EXUM, Defendant.**

**No. 1:89 CR 0146.**

United States District Court, N.D. Ohio, E.D.

Sept. 28, 1990.

As Amended Oct. 3, 1990.

Marilyn Bobula, Asst. U.S. Atty., Cleveland, Ohio, for plaintiff.

Donald N. Krosin, Office of Federal Defender, Cleveland, Ohio, for defendant.

ORDER

BATTISTI, District Judge.

Before the court is the government's motion to advance the instant case for trial, notwithstanding the order of August 30, 1990. Since the entry of that order, certain actions have been taken by the other judges of the Northern District of Ohio which further demonstrate that the jury selection process in this district is function-

ing contrary to the laws of the United States. 28 U.S.C. § 1861 *et seq.* Accordingly, the order of August 30, 1990 staying all proceedings "pending the selection of a petit jury in conformity with [the laws of the United States]," 28 U.S.C. § 1867(d), is reaffirmed.

Since the issues involved in this case were discussed at length in the August 30, 1990 order, it is only necessary to present a brief outline of the proceedings to date.

From the outset it is important to note that one jury has already failed to reach a verdict in this case, and that a mistrial was declared. It was that event which led to a careful consideration of other potential challenges to a subsequent jury verdict.

*Hume v. M & C Management*, 129 F.R.D. 506, 510 (N.D.Ohio 1990), held that "[f]ederal judges ... have no authority to summon citizens to serve as settlement advisors, just as they would have no authority to summon citizens to serve as hand servants for themselves, lawyers or litigants." With this decision in mind, it was clear that counsel could advance a forceful argument that any subsequent jury verdict would have to be invalidated because the jury selection process was in violation of the law. Accordingly, to prevent the expenditure of further judicial resources towards a voidable verdict, the clerk was ordered to draw a new qualified jury wheel in conformity with the laws of the United States and the jury selection plan of this district.

■ On September 11, 1990, Chief Judge Lambros, for the court, issued General Order No. 119. This administrative order, entitled "Juror Utilization", states:

The following actions, have been approved at the September 11, 1990 judges' meeting by the nine (9) judges attending said meeting, and being more than a majority of the judges of this Court:

1. *Length of Time a Prospective Juror Should be on Call*

Prospective jurors shall be subject to service for a period no longer than sixty (60) days, absent exceptional circumstances.

2. *Length of Jury Service*

If a juror is impaneled in a civil case, criminal case, *or for a summary jury trial,* that juror shall be excused from further jury service. This shall apply whether the case is settled, dismissed for any reason, or actually tried to a conclusion.

3. *Number of Calls*

If a juror is called for service five (5) times but is never impaneled to serve as a juror, that juror shall be excused from further jury service after the fifth call.

4. *Number of Jurors in Panel*

Unless otherwise directed, a panel in a criminal case shall be limited to thirty-five (35) panelists, and a panel in a civil case shall be limited to eighteen (18) panelists.

5. *Summary Jury Trials Jurors*

In order to increase the efficiency of juror utilization whenever practicable, *panelists for summary jury trials shall be panelists who are not used, and/or are left over,* after the impaneling of jurors in civil or criminal cases.

6. *Qualified Jury Wheel*

The Clerk of Court shall maintain one (1) separate qualified jury wheel for each of the four (4) places of holding court, to wit: Cleveland, Toledo, Akron, and Youngstown.

IT IS SO ORDERED,

(emphasis added).

General Order No. 119 constitutes an unwarranted interference with the Article III powers of a United States District Judge acting in a case or controversy. The appropriate course of action would have been to allow the parties to appeal the August 30, 1990 order.

There is no suggestion that the General Order No. 119 is meant to be an amendment to the district's jury selection plan. *See* 28 U.S.C. § 1863(a) (stating that "[m]odifications of the plan made at the instance of the district court shall become effective after approval by the panel" consisting of "the members of the judicial council of the circuit and either the chief judge of the district whose plan is being

reviewed or such other active district judge of that district as the chief judge of the district may designate."). It, therefore, stands in direct contravention of 28 U.S.C. §§ 1861 & 1863 which require that jury selection processes be established in a written plan approved by the circuit council.

Moreover, the order referred to the selection of jurors for summary jury trials as if it was contemplated or approved by the district's jury selection plan. It is beyond dispute, however, that this is not the case. *See* August 30, 1990 *Exum* order.

The judges of this district, acting in an administrative capacity, have no power to choose by majority action to disregard the laws of the United States concerning amendment of the jury plan. In addition, they place the Clerk in a most uncomfortable position. Regardless of the Clerk's response, however, the order of August 30, 1990 stands. No jury trials will be conducted in any cases assigned to my docket until a new wheel is drawn in accordance with the duly enacted laws of the United States. Due to the mandatory nature of § 1867 there is no alternative. The parties are, of course, at liberty to waive their right to a jury trial if they so desire.

Accordingly, all criminal and civil jury trials pending on my docket remain stayed until further order of this court, and the government's motion to advance the instant case to trial is DENIED.[1] As this matter involves an impermissible jury selection practice, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

IT IS SO ORDERED.

1. "Since the August 30, 1990 order in this case there has been no abatement in the selection of summary jurors from the qualified jury wheel. In that time 13 additional cases have been assigned for summary jury trials and 115 jurors have been assigned to summary juries. In addition, in a number of summary jury trials two panels are now being drawn and employed in the same case, thus providing two separate verdicts. The effect of this is to double the number of jurors who are illegally siphoned off into the summary jury system."